UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Deborah Grizzard,

                              Plaintiff,

                                                            Hon. Hugh B. Scott

                 -v-                                               14-CV-083A

                                                                ORDER

Erie County Medical Center, et al.,

                             Defendants.
_____

      This case has been referred to the undersigned for pretrial proceedings. A scheduling conference will be held on **July 30, 2014 at 2:45 p.m.**, in the courtroom of the undersigned at 2 Niagara Square, Buffalo, New York.

      PRIOR TO THE SCHEDULING CONFERENCE, THE PARTIES ARE DIRECTED TO COMPLY WITH THE REQUIREMENTS OF RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE.  This means that, at a minimum, (1) the parties are to have exchanged initial disclosures as required by Rule 26(a)(1); (2) the parties are to have met or conferred as required under Rule 26(f); and (3) the parties are to have submitted a proposed discovery plan to the Court at least 7 days prior to the scheduling conference as also required by Rule 26(f).

      Also, the Magistrate Judge is available to conduct any or all proceedings in a jury or non-jury civil matter and to order the entry of judgment in the case pursuant to 28 U.S.C. 636(c). Attached hereto is a Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge, together with a consent form, for consideration by the parties.  The parties are encouraged to consider and act favorably on such consents; however, it is emphasized that there will be no substantive adverse consequences should the parties elect not to do so.

The plaintiff has also requested the appointment of counsel in this case. (Docket No. 6 at page 6). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006). In considering a motion for the appointment of counsel, the Court may also consider the merits of the plaintiff's claim. The Second Circuit has held that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir.1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor [,]" Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). See also Smolen v. Corcoran, 2013 WL 4054596 (W.D.N.Y.,2013)(In deciding whether to grant a request to appoint pro bono counsel,

district courts should evaluate several factors, including the merits of the claim, the factual issues and complexity of the case, the plaintiff's ability to present the case, and the plaintiff's inability to obtain counsel.).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. It does not appear the legal issues presented are unduly complex.  The plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.  The plaintiff is also advised of the Pro Se Assistance Program. See the attached notice.

So Ordered.

                                                                           /s/ Hugh B. Scott  
                                                                   United States Magistrate Judge  
                                                                   Western District of New York

Buffalo, New York  
July 14, 2014

**OPENING FEBRUARY 12, 2014**

**PRO SE ASSISTANCE PROGRAM**

If you need civil legal assistance and are not represented by an attorney, the Pro Se Assistance Program may be able to help you with your federal court questions.

Starting **February 12, 2014**, free legal help is available to assist financially eligible individuals that are not represented by an attorney. The Pro Se Assistance Program provides legal assistance on civil law matters such as helping individuals determine if federal court is the right place to file a lawsuit, assisting with reviewing documents for court filing, and providing help with understanding federal law and federal court procedure.

Volunteer attorneys provide brief limited scope assistance on federal civil court matters. The attorney cannot appear in Court on your behalf

**Start Date:** February 12, 2014
**Dates and Times:** Wednesdays and Fridays from 11:00 a.m. - 2:00 p.m.
**Location:** Next to the Office of the Clerk, 2nd Floor, Robert H. Jackson Courthouse, 2 Niagara Square, Buffalo, New York

Appointments are not necessary. Pro se litigants will be seen on a walk-in basis. The Pro Se Assistance Program cannot provide legal assistance over the telephone.

The Pro Se Assistance Program is a joint project staffed by the SUNY Buffalo Law School and the Erie County Bar Association Volunteer Lawyers Project located at the Robert H. Jackson Federal Courthouse.